CONSTRUCTION EQUIPMENT CORPORATION, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. CI-62-7.     Decided May 2, 1963.

*Celestino Morales, Jr.,* and *Antonio R. Barceló, Jr.,* for petitioner. *Donald R. Dexter* and *Ángel de Jesús Matos* for the State Insurance Fund Administrator.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

The Workmen's Accident Compensation Act, 11 L.P.R.A. § 1 *et seq.,* directs the Manager of the State Insurance Fund to prepare annually "a schedule of classifications according to the occupations or industries" to which the Act refers, and to fix the premiums for each class of occupation or industry. 11 L.P.R.A. § 24.

On September 26, 1961 an employee of the petitioner sustained certain injuries as a result of a labor accident. By decision of May 2, 1962 approved by a two-to-one vote, the Industrial Commission upheld the Manager of the Fund and adjudged petitioner an uninsured employer. Since 1956 petitioner has been paying premiums to the Fund on a policy under the classification or code "8232–344, Building Materials and Equipment." Since the accident occurred in September 1961, the Manual of Classification of Occupations and Industries in force from July 1, 1961 to June 30, 1962, is applicable thereto. That manual was superseded by that which was in force from July 1, 1962 to June 30, 1963, and thereafter. These manuals are the classification of occupations and industries and of insurance rates prepared an-

nually by the Manager in compliance with the aforementioned legal provision. *Cardona* v. *Industrial Commission*, 79 P.R.R. 633, 635 (1956).

■ The Commission maintains that although the employer carried a policy, the hazard in this case was not covered thereunder because the classification 8232–344 (of the policy in force) covers only operations of sale and storage of building materials and equipment, and the laborer was injured while working in the preparation of premixed concrete, which hazard comes within the classification 5213–273, Concrete, Brick or Concrete Block Construction. The Commission's contention has a ring of truth, but we cannot agree with it for the reasons which follow.

As already stated, petitioner is insured and has been paying premiums since 1956. It appears from the record that there was evidence, not contradicted, to the effect that when petitioner installed the premixed concrete plant in the ward of Sabana Llana of Río Piedras, it requested an enlargement of its policy to the Fund and it was informed that it was not necessary because it was already covered under code 8232. Yet, witness Martín, petitioner's accountant, further testified that when they acquired the quarry an enlargement of the policy was issued to cover the other risk. As we shall presently see, at that time there was no code covering specifically the premixed concrete business; there is one now.

At the time of the accident the two classifications or codes involved herein were the following:

"*8232–344*. Building Materials and Equipment, Sale and storage of . . . It includes the repair and conservation of . . . It also includes wagoners, chauffeurs and their assistants. This classification shall apply to establishments engaged in the sale and/or storage of building materials and equipment and to the heaps of such having a fixed location. It does not include the storage of materials and equipment incidental to a construction."

"*5213–273*. Concrete, Bricks or Concrete Blocks, Construc-

tion or repair of house, buildings or chimneys of . . . N.I.C. It includes the construction of foundations, scaffolds, towers for the distribution of concrete and roof cover. This classification also includes all the operations of construction or repair of buildings and road sewers, and the wagoners, chauffeurs and their assistants . . .

"Excavations, pile driving, gravel procuring and tunnel perforation shall be deemed to be included, except when they do not form part of the general contract of some work or are subcontracted."

Petitioner was insured under code 8232, above described, and thus felt protected by its policy. It was as a result of the accident that the Manager and the Commission informed it that the mixed-concrete risk was not covered under that code but rather under code 5213, which includes the construction and repair of houses, buildings, chimneys, structures, bridges, sewers, roads, etc. It is true that the manufacture of premixed concrete is not a sale activity but neither is it a construction activity of the nature mentioned and which constituted the construction activities then covered by code 5213. Although the manufacture of premixed concrete is not a sales but an industrial activity, between the two codes mentioned it is more similar to code 8232 dealing with building materials. It is known that premixed concrete is a building material, since it is not a product which is manufactured for the sole purpose of leaving it as it is produced. It is produced for constructing works with it.

■ What we have just said is so true that when the Manager prepared the new Manual of Classifications of Occupations and Industries and of Insurance Rates, to take effect from July 1, 1962 to June 30, 1963, he included "the manufacture, handling and transportation of premixed concrete" in his new description of code 5213.[1] Such discretion

---

[1] Code 5213–273 is described at present as follows:
"Construction with Concrete, Bricks or Concrete Blocks. Includes the construction or repair of houses, buildings, chimneys or structures

is granted to the Manager, *Cardona* v. *Commission, supra,* at p. 637, but the same is binding on petitioner after it is officially exercised by the Manager and not before. If codes 5213 and 8232 had been drawn up at the time of the accident as they are now, it is very likely that the decision of this case would have been otherwise, but on the basis of the descriptions of these codes as they existed at the time of the accident and of the other circumstances of this case appearing from the record, we conclude that the Industrial Commission erred and that appellant employer was insured as respects the case at bar.

The decisions of the Industrial Commission of May 2, 1962 and May 31, 1962 will be set aside.

---

of . . . N.I.C. . . . It also includes the construction of scaffolds, erection and operation of towers for the distribution of concrete, and the manufacture, handling and transportation of premixed concrete. This classification also includes all operations of construction or repair of bridges and road sewers as well as wagoners, chauffeurs and their assistants.

"Excavations, pile driving, gravel procuring and tunnel perforation shall be deemed to be included, except when they do not form part of the general contract of some work or are subcontracted."